UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSOURI
HAMMOND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 2:18CR150-PPS |
| ) | |
| **MARTIN CAMP,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

On September 24, 2021, the Clerk of Court received a handwritten letter from defendant Matin Camp, acting pro se, in which he offers an account of his progress and positive activities while serving 60 months' imprisonment on a methamphetamine conspiracy conviction in this case. [DE 215.] Camp requests consideration for "home confinement or early release." [*Id*. at 2.]

Under the law applicable to this Sentencing Guidelines case, the Court's authority to change or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Section 3582(c)(1)(A) has been amended to authorize motions for sentencing modification "upon motion of the defendant after the defendant has fully exhausted all administrative rights." During the COVID pandemic, this provision has been invoked in a wave of motions seeking early discharge from prison based on risks and dangers associated with coronavirus infection. Camp's letter invokes neither §3582(c)(1)(A) nor COVID-19, but this statute presents the only possible authority for the relief Camp seeks.

But the request must be denied for at least two reasons. First, §3582(c)(1)(A) requires administrative exhaustion, and Camp does not demonstrate that he has requested the same relief from the warden of his facility and either been turned down

or has waited at least 30 days before addressing his request to the courts.  Second, the standard that must be met for a sentence modification under the statute is that "extraordinary and compelling reasons warrant such a reduction." §3582(c)(1)(A)(i). Camp's efforts to "improve [him]self and stay busy" are commendable and I do not diminish their importance to him, but they are frankly what is expected of every inmate and not sufficiently out of the ordinary to justify a sentence reduction.

Camp's projected release date is October 25, 2022, according the Bureau of Prisons website.  Continuing to take classes, to work, and to steer clear of conduct violations will be a wise investment of his time and effort until his release.  Although I cannot reduce his sentence based on the letter he has filed, I hope that he will complete his prison term safely and will emerge to a better, healthier and more productive life than he knew before.

ACCORDINGLY:

The Court will take no further action on Martin Camp's letter dated September 20, 2021 and filed September 24, 2021 [DE 215].

The Clerk is directed to provide a copy of this order to Camp at the institutional address from which he sent the letter.

SO ORDERED this 6th day of October.

    /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE